[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15398

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-60805 CV-FAM

CLARENDON NATIONAL INSURANCE COMPANY,

Plaintiff-Counter-
Defendant-Appellee,

versus

RAYMOND B. VICKERS,
individually and as Co-Trustee of the
Hans J. Hvide Living Trust,

Defendant-Counter-
Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 20, 2008)**

Before ANDERSON and BARKETT, Circuit Judges, and TRAGER*, District
Judge.

_____

*Honorable David G. Trager, United States District Judge for the Eastern District of New
York, sitting by designation.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be reversed. Under the relevant Florida law, "so long as the [underlying] complaint can reasonably be read as alleging that the ... injuries were negligently caused, even if it also may arguably be read as alleging that the injuries were intentionally caused, the doubt must be resolved in favor of finding a duty to defend." Hartford Accident & Indem. Co. v. Beaver, 466 F.3d 1289, 1297 (11th Cir. 2006) (applying Florida law and finding a duty to defend notwithstanding an exclusion in the policy for intentional acts). Similarly, the parties here agree that, if the underlying complaint contains at least one allegation with respect to which there would be coverage, then the insurance company must defend the entire suit.

With respect to the Probate Action, we conclude that there is at least one allegation with respect to which there is coverage and a duty to defend. In the Probate Action, in paragraphs 60, et seq (the declaratory judgment count I), Mrs. Hvide challenges Vickers' conduct as co-trustee in acquiring (indirectly) 51% of the stock of Eller Corporation, the primary asset of the trust. This is alleged to have been an action with respect to which Vickers had a conflict of interest, and was an action for which Florida law required approval by the probate court.

2

Because a viable claim was alleged without regard to Vickers' mens rea, exclusion A (dishonest and fraudulent actions) does not apply. Because this particular allegation challenges Vickers' conduct as co-trustee in permitting the transfer of the major asset of the trust, and not any actions of Vickers as an officer or director of any business enterprise, neither of the two "business enterprise" exclusions apply. Accordingly, the judgment of the district court with respect to the insurance company's duty to defend the Probate Action is reversed.

Similarly, with respect to a reasonable reading of the Federal Action in Vickers' favor, we conclude that there is at least one allegation with respect to which there would be coverage and a duty to defend. We conclude that, pursuant to a reasonable reading of the malpractice allegations in count III, Mrs. Hvide alleged that Vickers, acting as attorney for her personally and/or for the trust, was liable to her alternatively for simple breach of fiduciary duty (paragraph 58) and for deliberate deception and wanton and reckless indifference (paragraph 59). Although the latter allegation would be encompassed in exclusion A, the former would not. Also, because this particular allegation challenges Vickers' conduct as attorney for Mrs. Hvide personally and/or as attorney for the trust, neither of the two "business enterprise" exclusions apply. Thus, the judgment of the district court with respect to the insurance company's duty to defend the Federal Action is

3

reversed.[1]

Accordingly,[2] the judgment of the district court is

REVERSED.

---

[1]     In this appeal, appellant challenges only the district court's ruling with respect to the Probate Action and the Federal Action.  Accordingly, the district court's ruling with respect to the Records Action is left undisturbed.

[2]     The insurance company asserts two additional defenses – its prior knowledge defense, and its argument that Vickers' indemnity claim is untimely.  The district court did not address these defenses, and we decline to address them in the first instance.  Accordingly, the case is remanded to the district court for further proceedings.